946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice GOODWIN, a/k/a Moe, Defendant-Appellant.
 No. 91-5536.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1991.
Decided Oct. 18, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., District Judge. (CR-90-133)
 Michael John Aloi, Manchin, Aloi & Carrick, Fairmont, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Maurice Goodwin pled guilty to conspiracy to distribute crack cocaine (21 U.S.C. § 846 (1988). He appeals the sentence imposed on the ground that conduct of his co-defendants was improperly considered in determining his offense level. We affirm.
 
 
 2
 Goodwin was one of a number of people in Wheeling, West Virginia, who sold crack which was supplied primarily by Will Powell. After Goodwin pled guilty, all the others charged with Goodwin, including Powell, also entered guilty pleas. Goodwin's plea agreement contained a stipulation that the government could readily prove that he distributed two to three grams of crack, and that this amount would yield a base offense level of twenty. Powell, who supplied the cocaine Goodwin sold, stipulated that the government could readily prove that he distributed five to twenty grams of crack. In calculating Goodwin's base offense level, the probation officer considered as relevant conduct the amounts distributed by other members of the conspiracy, most importantly Powell, and recommended a base offense level of twenty-six.
 
 
 3
 Goodwin objected at sentencing to the consideration of Powell's conduct and to receiving a higher base offense level than twenty, arguing that information obtained from other conspirators was obtained only because he first pled guilty. The district court correctly found that it was not bound by the parties's stipulation as to amount, see U.S.S.G. § 6B1.4(d), and that in computing the base offense level it was required to take into account the actions of co-conspirators which were within the scope of Goodwin's agreement or reasonably foreseeable to him. § 1B1.3(a)(1) and comment. (n. 1). The record on appeal discloses evidence from potential witnesses who were not charged that Powell distributed at least ten grams of crack in Wheeling, and that he knew Goodwin well enough to store his guns in Goodwin's apartment. On these facts, the amount stipulated in Powell's plea agreement was correctly considered relevant conduct in computing Goodwin's offense level.
 
 
 4
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.